**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DEDICATO TREATMENT CENTER, INC., | No. 24-6487 |
| Plaintiff-Appellant, | D.C. No. 2:24-cv-03136-CAS-PD |
| v. | |
| AETNA LIFE INSURANCE COMPANY, a Connecticut corporation, | MEMORANDUM[*] |
| Defendant-Appellee, | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted November 20, 2025[**]
Pasadena, California

Before: WARDLAW, N.R. SMITH, and MILLER, Circuit Judges.

Dedicato Treatment Center, Inc., appeals the district court's dismissal of its

action against Aetna Life Insurance Co. under Rule 12(b)(6) of the Federal Rules

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

ERISA broadly preempts any state law claim that "relate[s] to any employee benefit plan." 29 U.S.C. § 1144(a). "The Supreme Court has identified two categories of state law claims that relate to an ERISA plan—claims that have a reference to an ERISA plan and claims that have an impermissible connection with an ERISA plan." *Bristol SL Holdings, Inc. v. Cigna Health and Life Ins. Co.*, 103 F.4th 597, 602 (9th Cir. 2024) (citation modified). "A state law claim has a reference to an ERISA plan if it is premised on the existence of an ERISA plan, or if the existence of the plan is essential to the claim's survival." *Id.* (citation modified). Dedicato's claims "reference" the Aetna-administered ERISA plans because they are premised on "what all agree were plan-covered services" and seek to "secure plan-covered payments . . . through the alternative means of state contract law." *Id.* at 603. "A claim has an impermissible connection with an ERISA plan if it governs a central matter of plan administration or interferes with nationally uniform plan administration, or if it bears on an ERISA-regulated relationship." *Id.* at 604 (citation omitted). Dedicato's claims also have an "impermissible connection" with an ERISA plan because, as in *Bristol*, their claims risk subjecting insurers to liabilities that depend on "innumerable phone calls and their variable treatment under state law." *Id.* at 604-05.

2

Because Dedicato's claims reference an ERISA plan and have an impermissible connection with an ERISA plan, the claims relate to an employee benefit plan and are therefore preempted by ERISA. *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319-20 (2016). Dedicato's conclusory allegations to the contrary do not change that outcome. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The district court therefore correctly dismissed Dedicato's action.

**AFFIRMED.**